HELENE N. WHITE, Circuit Judge,
dissenting.
Patel agreed to “make full restitution as ordered by the Court pursuant to 18 U.S.C § 3663A.” He reserved the right to appeal “any punishment in excess of the statutory maximum.” Fairly read, he waived his right to appeal discretionary determinations regarding his sentence and reserved the right to appeal rulings that exceed statutory authorization. United States v. Margaret Ann Gordon, 480 F.3d 1205 (10th Cir.2007); see United States v. Smith, 344 F.3d 479 (6th Cir.2003) (an appeal waiver did not bar an appeal of the district court’s restitution order when plea agreement contained few specifics on the amount or manner by which the amount would be calculated). Because case law clearly establishes that under 18 U.S.C § 3664(f)(1)(A) the government has the burden of establishing actual loss, U.S. v. Hoglund, 178 F.3d 410, 414 (6th Cir.1999); U.S. v. Healy, 553 Fed.Appx. 560, 567 (6th Cir.2014), and the government presented no proof of actual loss, only the total amount of payments and a deduction that *573 has no relation to actual loss, I conclude that the sentence exceeded statutory authorization and the waiver does not foreclose the instant appeal.
Although the loss calculation under U.S.S.G. § 2B1.1 can be based on intended loss, restitution must be based on actual loss, and the government has the burden of establishing the amount of that actual loss. Healy at 567. Here the government supported its request for $1,939,864 in restitution by reference to two figures. The first, $2,564,393, represents the amount Medicaid paid Alpine during the period Bush submitted the billings. The second, $624,708, represents the total billings submitted for the first 60 days of each patient’s care. The government arrived at its restitution figure by subtracting the second number from the first. The government explained that it assumed legitimate services were provided during the first 60 days and gave Patel credit for all services performed during that period. Because no further credits were given, the unstated assumption is that all charges after 60 days were fraudulent. The government provided no further explanation for its methodology. Although the blanket allowance of the first 60 days’ payments may have been generous to Patel, there was no testimony whatsoever to support the underlying assumption that all payments beyond 60 days were fraudulent.
The record established that Alpine billed for services that were never provided and were submitted with forged signatures and that Patel and Alpine sent out aids with criminal convictions that disqualified the aids from performing the services, but there is no indication how often that happened. The government is correct that it cannot be expected to go through every file and determine the exact amount of the fraud, but it does not follow that it has no obligation to put forth a method of computing loss that has some factual basis. The government could have taken any number of approaches. It could have submitted the calculations that caused it to arrive at the $241,690 figure for the four patients whose records were examined, compared that figure to the total billings for those four patients and argued for application of the same percentage disallowance and loss here. Or it could have picked a few files, identified the actual loss for those patients and multiplied the average loss by the number of patients. It is unknown whether these approaches would have resulted in a higher, lower or similar restitution figure, but the government completely failed to offer any rational approach to approximating Medicaid’s actual loss.
I would VACATE the restitution award and REMAND to district court.